UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:08-CR-66 |
| V. | ) | (Phillips / Shirley) |
| | ) | |
| JOEL SHUMAN, | ) | |
| ELIZABETH GOODSON, | ) | |
| JASON JENKINS, and | ) | |
| MICHAEL COLLINS | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 3, 2008, this case came before the Court for hearing on the merits of the Joint Motion to Continue [Doc. 25]. Joel Shuman was present with his attorney, Charles Poole. Jason Jenkins was present with counsel, Norman McKellar. Michael Collins was present with his attorney, Jonathan Wood. Ruth Ellis was present on behalf of her client, Elizabeth Goodson. The government was represented by Assistant United States Attorney David Jennings.

The Joint Motion to Continue was filed by Ruth Ellis on behalf of Ms Goodson and joined by all defendants in the case. The government does not oppose the motion. Counsel for the defendants report receipt of extensive discovery materials from the United States which will require additional time to review. In earlier requests, the defendants estimated that June 20, 2008, will afford an adequate period of time for identification and preparation of pretrial motions after consideration of these materials. As their factual and legal preparation continues, it has

become evident that additional time will be necessary to accomplish this task.

At the hearing, defense counsel stated that his preparation of their respective defenses is ongoing, but will require additional time to complete. The attorneys requested that the trial date be continued and that the Court establish a new schedule for the filing of pretrial motions and responses. The attorneys each stated their belief that a trial continuance is in their client's best interest and each attorney confirmed that he or she has discussed the need to continue the trial date with the defendant. The Court inquired of each defendant present, and each confirmed that he understood his counsel's request for trial continuance and agreed with the request. Attorney Ellis stated that she has discussed the need for continuance with Ms Goodson, who agrees that it is necessary.

The government agreed that a continuance was appropriate and the defense attorneys proffered a summary description of the discovery materials in this case, which include over 20,000 recorded telephone calls.

The Court finds and the parties agreed that the ends of justice served by granting the continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Defense counsel will require an additional reasonable period of time to continue their assessment of the materials disclosed in discovery, which they estimate will continue through last August or early September given the sheer volume of material. After that time, counsel will require time to conduct any remaining legal or factual investigation, identify and prepare any appropriate pretrial motions. Should such motions be filed, this Court will need a reasonable time to conduct a hearing and then issue a ruling or a report and recommendation to the district court regarding disposition. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties will then require time to prepare for trial in light of the disposition of pretrial motions. The Court

finds that this all could not take place before the swiftly approaching July 9, 2008, trial date despite counsel's exercise of due diligence and could not be accomplished in less than seven months. See 18 U.S.C. § 3161(h)(8)(B)(iv). Thus, the Court finds that the failure to grant a continuance would deprive counsel of time to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring these defendants to proceed to trial as originally scheduled despite their attorneys' lack of time to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i).

Accordingly, it is **ORDERED**:

(1) The Joint Motion to Continue **[Doc. 25]** is **GRANTED.**

(2) The trial of this matter is reset to commence on **February 23, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge.

(3) The deadline for pretrial motions is **September 26, 2008**; should such motions be filed, responses will be due on or before **October 10, 2008.**

(4) This Court will conduct a hearing on all pending pretrial motions on **October 14, 2008, at 10:00 a.m.**

(5) For the reasons stated herein, all time from the date the motion was filed, **June 30, 2008**, and the new trial date **February 23, 2009**, is fully excludable from operation of the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge